# Arnold & Porter

Sally L. Pei
+1 202.942.6581 Direct
Sally.Pei@arnoldporter.com

April 3, 2024

**VIA ECF**

Mark J. Langer
Clerk, U.S. Court of Appeals for the District of
Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW, Room 5205
Washington, DC 20001

Re: Response to Rule 28(j) Letters in *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 23-7031; *9REN Holding S.À.R.L. v. Kingdom of Spain*, No. 23-7032; and *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 23-7038 (argued February 28, 2024 before Pillard, Pan, and Rogers, JJ.)

Dear Mr. Langer:

Under Rule 28(j), the Commission responds to the parties' letters regarding *Commission v. United Kingdom*.

The CJEU held that the UK Supreme Court breached the EU Treaties by enforcing an intra-EU ICSID award. The UK Supreme Court had held that its obligations under the ICSID Convention "were not subject to the mandatory effects of EU law" because the Convention is a multilateral treaty with non-EU contracting parties. Op. ¶33. The CJEU disagreed.

Under TFEU Article 351, "application of the EU Treaties does not affect the commitment of the Member State concerned to respect the rights of third countries under a prior international agreement and to comply with its corresponding obligations." Op. ¶59. However, Article 351 "cannot … be relied on by the Member States where, in the particular case under consideration, the rights of non-member countries are not involved." Op. ¶65. The Convention "is intended to govern bilateral relations" and does not entitle any third country to require the UK to enforce the relevant award. Op. ¶¶75-76.

*United Kingdom* does not "confirm[]," nor has the Commission "conceded," that EU law yields to multilateral treaties that merely "implicate non-EU members' rights."

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW  |  Washington, DC 20001-3743  |  www.arnoldporter.com

**Arnold & Porter**

Mark J. Langer
April 3, 2024
Page 2

Blasket Ltr. 1; NextEra/9REN Ltr. 2. The question, as the CJEU underscored, is whether the multilateral treaty "imposes on the [Member State] obligations which it is bound to fulfil towards third countries and which those third countries are entitled to rely upon as against the [Member State]" in the case at issue. Op. ¶70; *see* Op. ¶65. Any "purely factual interest" that a third country may have "cannot be equated with a 'right'" that can relieve a Member State of its EU-law obligations. Op. ¶76. *Accord* Blasket Tr. 39:14-17, 40:19-24.

The ECT is a multilateral agreement, but its investment-protection provisions "apply only bilaterally." EC *NextEra* Br. 16-18, 23-24. The cases before this Court are purely intra-EU disputes, involving only claims by EU investors against an EU Member State. No non-EU ECT contracting parties have rights that they could seek to enforce against Spain in these cases. EU law therefore has primacy and governs the existence of an arbitration agreement here.

Respectfully submitted,

*s/ Sally L. Pei*

Sally L. Pei
*Counsel for the European Commission*

cc:   All counsel of record

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 3, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 3, 2024                    *Sally L. Pei*
                                                Sally L. Pei