No. 23-7038

# In the United States Court of Appeals for the District of Columbia Circuit

_____

BLASKET RENEWABLE INVESTMENTS LLC,

*Petitioner-Appellee,*

v.

KINGDOM OF SPAIN,

*Respondent-Appellant.*

_____

*On Appeal from the United States District Court for the District of Columbia, No. 1:21-cv-03249-RJL (Hon. Richard J. Leon)*

_____

**RESPONSE TO MOTION TO ALIGN AND
MOTION TO REALIGN THE PARTIES
AND PERMIT CONSOLIDATED BRIEFING**

_____

> LISA S. BLATT
>   *Counsel of Record*
> JONATHAN M. LANDY
> SARAH M. HARRIS
> BENJAMIN W. GRAHAM
> AARON Z. ROPER
> WILLIAMS & CONNOLLY LLP
>   680 Maine Avenue SW
>   Washington, DC 20024
>   (202) 434-5000
>   lblatt@wc.com

Appellee the Kingdom of Spain agrees with appellant Blasket Renewable Investments LLC that this appeal should be aligned with *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 23-7031, and *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 23-7032, for concurrent briefing, oral argument, and decision before a single panel. At root, all three cases present the same question of whether U.S. courts have jurisdiction to confirm arbitral awards obtained by European Union investors against European Union member states under the Energy Charter Treaty. Alignment would further the orderly resolution of this important question.

In the interest of judicial economy, Spain further proposes that the Court realign the parties in *Blasket* and permit Spain to file consolidated opening and reply briefs in all three cases to avoid duplicative filings.

Spain also notes that appellees NextEra and 9REN have moved to expedite Nos. 23-7031, 23-7032, and any case aligned therewith (*i.e.*, this case should the Court grant Blasket's motion to align). In aligning the three cases, the Court should deny those motions to expedite. Expedition is not required by statute and would serve no purpose other than prejudicing Spain. Given the Court's impending summer recess, these appeals are unlikely to be argued before September 2023 under any proposed schedule. Even if the Court

1

grants expedition in some form, the Court should eschew NextEra and 9REN's proposed schedules which give themselves extra time for their response briefs while significantly curtailing Spain's time for its opening and reply briefs. Spain conferred with counsel for Blasket, NextEra, and 9REN on this proposal, but the parties were unable to reach agreement.

## FACTUAL BACKGROUND

These three cases involve petitions by Dutch and Luxembourgish energy companies to confirm arbitral awards against Spain. The companies in all three cases allege that they invested in Spain in reliance on later-repealed subsidies for the renewable energy sector. The companies initiated arbitrations against Spain, claiming that Spain's revision of its energy laws violated the Energy Charter Treaty, a multilateral treaty to which Spain, the Netherlands, and Luxembourg are parties, but to which the United States is not.

Spain contended that Spain and the petitioners never formed an agreement to arbitrate under the Energy Charter Treaty because European Union member states like Spain cannot consent to arbitrate disputes with nationals of other EU member states like the Netherlands and Luxembourg. *See Achmea B.V. v. Slovak Republic*, CJEU Case No. C-284/16, ECLI:EU:C:2018:158 (2018); *Republic of Moldova v. Komstroy LLC*, CJEU Case No. C-741/19,

ECLI:EU:C:2021:164 (2021). The arbitral tribunals in all three cases rejected Spain's position and entered awards for petitioners.

Petitioners now seek to confirm their awards in the United States. Blasket does so pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. NextEra and 9REN invoke the Convention on the Settlement of Disputes Between States and Nationals of Other States (the ICSID Convention). In all three cases, Spain moved to dismiss. Under the Foreign Sovereign Immunities Act, foreign sovereigns, like Spain, are ordinarily immune from jurisdiction in U.S. courts. 28 U.S.C. § 1604. While petitioners sought to invoke the Act's exceptions where the foreign sovereign has waived immunity or agreed to arbitrate, *id.* § 1605(a)(1), (a)(6), Spain contended that those exceptions did not apply because no valid arbitration agreement existed between the parties. The Act's default immunity rule thus governed.

In *Blasket*, the district court (Leon, J.) sided with Spain and dismissed the petition for lack of jurisdiction. In *NextEra* and *9REN*, the district court (Chutkan, J.) sided with petitioners and asserted jurisdiction. Judge Chutkan also enjoined Spain from pursuing any foreign litigation that might interfere with enforcement of those two awards in the United States.

Blasket appealed in this case and Spain appealed in *NextEra* and *9REN*. NextEra and 9REN have moved to coordinate the briefing in Nos. 23-7031 and 23-7032 and expedite those cases and any other case aligned therewith. The motion in *NextEra* is fully briefed; Spain's response in *9REN* is due Monday April 24, 2023.[1] Blasket has moved to align all three cases: Nos. 23-7031, 23-7032, and 23-7038.

## ARGUMENT

### I. Blasket's Motion to Align Should Be Granted

As Blasket correctly explains, all three appeals present the same basic legal question of the district court's jurisdiction over Spain. Coordinating the briefing schedule and submitting all three cases to the same panel would thus serve judicial economy by avoiding potentially conflicting decisions by different panels on the same legal question involving materially similar facts.

While Blasket seeks to confirm its award under the New York Convention and NextEra and 9REN invoke the ICSID Convention, that distinction does not bear on Spain's primary argument that the district court lacks

---

[1] NextEra originally proposed a briefing schedule in which Spain's opening briefs would be due April 24—one week from today. 9REN later retained the same counsel and proposed a different briefing schedule in which Spain's opening brief would be due May 8. Given those contradictory requests, Spain understands 9REN's motion to supersede NextEra's.

4

jurisdiction because the parties never agreed to arbitrate in the first place. If petitioners view this distinction as somehow material, they are free to develop that argument in their separate briefs whether or not the cases are aligned.

Conflicting decisions would be especially troubling given the importance of the question presented to Spain and the European Union. The assertion of U.S. jurisdiction in these intra-EU cases threatens European sovereignty over European affairs. Twelve other pending cases in this district—eleven against Spain and one against Italy—turn on the same question.[2] All told, EU investors in similar arbitrations have demanded billions of euros from Spanish taxpayers. Over €300 million are at stake in these three cases alone. Spain therefore agrees with Blasket's request to align the cases.

---

[2] *InfraStructure Services Luxembourg SARL v. Spain*, No. 1:18-cv-1753-EGS; *Novenergia II – Energy & Environment (SCA) v. Kingdom of Spain*, No. 18-cv-01148-TSC; *RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain*, No. 19-cv-03783-CJN; *Watkins Holdings S. R.L. v. Kingdom of Spain*, No. 20-cv-01081-BAH; *Infrared Environmental Infrastructure GP Limite v. Kingdom of Spain*, No. 20-cv-00817-JDB; *Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of Spain*, No. 20-cv-00925-TSC; *Cube Infrastructure Fund Sicav v. Kingdom of Spain*, No. 20-cv-01708-EGS-MAU; *Baywa R.E. AG v. Kingdom of Spain*, No. 22-cv-02403-APM; *Hydro Energy 1, S.A.R.L. v. Kingdom of Spain*, No. 21-cv-02463-RJL; *RWE Renewables GMBH v. Kingdom of Spain*, No. 21-cv-03232-JMC; *Swiss Renewable Power Partners S.A.R.L. v. Kingdom of Spain*, No. 23-cv-00512-RJL; *CEF Energia, B.V. v. Italian Republic*, No. 1:19-cv-03443-CKK.

## II. The Court Should Also Realign the Parties in This Appeal and Permit Spain to File Consolidated Briefs

Judicial economy would also be served by realigning the parties in *Blasket* and permitting Spain to file consolidated briefs. Spain is the appellant in *NextEra* and *9REN* and appellee in *Blasket*. Under Blasket's proposal to align the briefing schedule, Spain would file three separate briefs laying out its primary legal arguments, including two appellant's briefs due the same day in *NextEra* and *9REN*, plus two reply briefs. In total, the court would receive nine briefs from the parties (plus amicus briefs) on the same legal questions.

Realigning the parties to treat Spain as appellant in *Blasket* would permit Spain to file consolidated opening and reply briefs and avoid this unnecessary duplication. The Supreme Court took a similar course last Term in *Axon Enterprises, Inc. v. FTC*, No. 21-86, and *SEC v. Cochran*, No. 21-1239. Those cases presented parallel questions of district-court jurisdiction over constitutional challenges to administrative proceedings, one in the FTC context and one in the SEC context. The government was petitioner in one case and respondent in the other. The Court permitted the Solicitor General to file a single brief for both cases while permitting the private parties to file separately. A similar approach is appropriate here.

6

### III. In Aligning the Cases, the Court Should Deny NextEra and 9REN's Motions to Expedite

NextEra and 9REN have proposed aligning the briefing schedule in their cases (Nos. 23-7031 and 23-7032) and imposing expedited briefing in those cases and any case aligned therewith. Blasket's motion to align would subject this case to the same schedule. Needless to say, a motion to expedite by *appellees* is highly unusual, particularly when the party subjected to an injunction, Spain, is content with the Court's ordinary schedule. As Spain explained in its opposition to NextEra's motion and will elaborate in its forthcoming opposition to 9REN's motion, expedition is not required by statute and makes little sense.

NextEra and 9REN primarily argue that expedition is required because Judge Chutkan entered anti-suit injunctions against Spain and 28 U.S.C. § 1657(a) provides for expedited consideration of "any action for temporary or preliminary injunctive relief." But these cases are not actions *for* injunctive relief. The complaints in both cases seek a money judgment, not an injunction. The district court entered the injunctions only "to protect its own jurisdiction" to award monetary relief to NextEra and 9REN. *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, 2023 WL 2016932, at *9 n.5 (D.D.C. Feb. 15, 2023); *9REN Holding S.A.R.L. v. Kingdom of Spain*, 2023 WL 2016933, at

7

\*8 n.5 (D.D.C. Feb. 15, 2023). If the Court agrees with Spain that the district court lacked jurisdiction, the injunctions necessarily fail too.

NextEra and 9REN also assert "good cause" to expedite the appeal because the district court proceedings took close to four years. NextEra and 9REN omit that the district court proceedings were stayed for most of that time because NextEra and 9REN petitioned to confirm the award before Spain had exhausted its remedies before the arbitral body. Those stays were only lifted in April 2022 in *NextEra* and December 2022 in *9REN*. The relevant district court proceedings here took months, not years. Regardless, any delay in the district court did not prejudice NextEra or 9REN. Both accrue interest on their awards every day.

Expedition will not even help NextEra and 9REN enforce their awards sooner (should they prevail). 9REN's proposal has Spain file its reply on June 23, 2023, after the last argument of September Term 2022. Given the Court's summer recess, oral argument in these non-emergency cases is highly unlikely before September 2023. The sole upshot would be prejudice to Spain.

NextEra and 9REN make that goal apparent by proposing a facially lopsided briefing schedule. Their most recent proposal (in 9REN's motion to expedite) proposes that Spain file its opening brief on May 8. That would give

8

Spain 25 days to file its opening brief from the date of 9REN's motion (15 less than the usual 40 days, which run from the date the record on appeal is filed), give NextEra and 9REN 32 days to respond (2 *more* than the usual 30), and give Spain 14 days to reply (7 less than usual). *Compare* 9REN Mot. to Expedite 9, *with* Fed. R. App. P. 31(a)(1) (ordinary schedule).

That schedule would also shortchange Spain's amici, which below included the European Commission, who have to file 7 days after Spain. Fed. R. App. P. 29(a)(6). Yet the rules ordinarily give *more* time to foreign sovereigns, implicitly recognizing that sovereigns need time for high-level, governmental review of any filing. *E.g.*, 28 U.S.C. § 1608(d) (60 days to file answer instead of the usual 21); *cf.* Fed. R. App. P. 4(a)(1)(B) (60 days to file notice of appeal instead of the usual 30 in any case where the United States is a party).

The combination of alignment and expedition would thus cause severe prejudice to Spain on an important legal question that controls 15 pending cases in this district with hundreds of millions of euros at stake. Expedited briefing is especially prejudicial given that undersigned appellate counsel did not participate in the briefing or argument below and appellate co-counsel, Sarah M. Harris, is on maternity leave until May 1.

9

Even if the Court concludes that expedition is required, the Court should reject NextEra and 9REN's imbalanced briefing schedule. Section 1657(a) does not impose any "specific" schedule—it only requires expedition "relative" to other matters. *United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990). Because this Court does not typically hear oral argument over the summer, it does not need time-condensed briefing to resolve this case expeditiously.

Spain respectfully proposes the following briefing schedule, which would be complete in time for the Court to schedule argument during September Term 2023. This schedule affords both sides 15 extra days over the default schedule in Federal Rule of Appellate Procedure 31(a)(1), with Spain's extra time divided between its opening brief and the reply. This schedule would thus permit the Court to resolve the appeals expeditiously in line with 28 U.S.C. § 1657(a) without imposing a prejudicially truncated briefing schedule.

- Spain's consolidated opening brief: 45 days after the entry of the order aligning the cases.

- Briefs for appellees in No. 23-7031 and 23-7032 and appellant in No. 23-7038: 45 days after Spain's brief is served.

- Spain's consolidated reply brief: 31 days after the response briefs are served.

## CONCLUSION

Blasket's motion to align Nos. 23-7031, 23-7032, and 23-7038 for coordinated briefing and argument before the same panel should be granted. The Court should further realign the parties in No. 23-7038 and permit Spain to file consolidated opening and reply briefs applicable to all three cases. In aligning the cases, the Court should deny the pending motions to expedite in Nos. 23-7031 and 23-7032.

Respectfully submitted,

LISA S. BLATT
  *Counsel of Record*
JONATHAN M. LANDY
SARAH M. HARRIS
BENJAMIN W. GRAHAM
AARON Z. ROPER
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue SW*
  *Washington, DC 20024*
  *(202) 434-5000*
  *lblatt@wc.com*

Dated: April 17, 2023

## CERTIFICATE OF COMPLIANCE

I Lisa S. Blatt, counsel for the Kingdom of Spain and a member of the Bar of this Court, certify pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(a)(5)-(6), and 32(g) and Circuit Rule 27(c) that the foregoing response contains 2,221 words and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Expanded BT.

Dated: April 17, 2023                       s/ Lisa S. Blatt
                                                                LISA S. BLATT

## CERTIFICATE OF SERVICE

I Lisa S. Blatt, counsel for the Kingdom of Spain and a member of the Bar of this Court, certify pursuant to Federal Rule of Appellate Procedure 25(c)(2) and Circuit Rule 25(f) that, on April 17, 2023, a copy of the foregoing response was filed with the Clerk and served on all parties through the Court's electronic filing system. I further certify that all parties required to be served have been served.

Dated: April 17, 2023                                        s/ Lisa S. Blatt
                                                            LISA S. BLATT